Brett D. Cragun (#8683)
Attorneys for Robert P. Smith
Address PO Box 160234
Telephone (801) 513-2060
E-mail Address Brett@BrettCragun.com

Raphael Deutsch
Admitted Pro Hac Vice
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 107
(F): (201) 282-6501
(E) rdeutsch@steinsakslegal.com
Attorneys For Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Robert P. Smith, individually and on behalf of all others similarly situated<br>_____,<br><br>     Plaintiff,<br><br>v.<br><br>Johnson Mark LLC, LVNV Funding LLC, and John Does 1-25<br><br>_____,<br><br>     Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br><br>Case No. \_\_\_1:20-cv-00032_____<br><br>District Judge \_\_Robert J. Shelby |

**1.**   **PRELIMINARY MATTERS**:

    a.   Describe the nature of the claims and affirmative defenses:

Plaintiff's claims are based on a single letter, attached to the Plaintiff's Class Action Complaint as Exhibit A, (hereafter "May 19th Letter"). Plaintiff makes two allegations regarding the May 19th Letter. First, Plaintiff alleges that the FDCPA

1

NOTICE is "open to more than one reasonable interpretation, at least one of which is inaccurate" in violation of sections 1692e.   Second, Plaintiff alleges that in that the May 19th Letter is "false and misleading in violation of § 1692e(10)."   Third, Plaintiff alleges that the May 19th Letter threatens a balance increase and overshadows the 'g-notice' language in violation of section 1692g.   Finally, all the Counts allege that Plaintiff is bringing the action for herself, individually, and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants deny that there is any problem with the May 19th letter or that this is properly brought as a class action.

b.   This case is   __x__ not referred to a magistrate judge

   __X__ under 636(b)(1)(A)

   _____ under 636(b)(1)(B)

   _____ assigned to a magistrate judge under General Order 07-001 and

   ____ all parties consent to the assignment for all proceedings or

   ____ one or more parties request reassignment to a district judge

c.   Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on   __8/25/2020__ via telephone.

   The following attended:

   Raphael Deutsch, counsel for Robert P. Smith, admitted pro hac vice, and Gregory M. Constantino, counsel for Johnson Mark LLC and LVNV Funding LLC

d.   The parties will exchange the initial disclosures required by Rule 26(a)(1) within 15 days of the Court's decision on the pending Motion to Dismiss.

e.   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

**2.** **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:  Use separate paragraphs or subparagraphs as necessary **if the parties disagree.**

   a. Discovery is necessary on the following subjects:
   The scope of discovery should be limited to the scope described in Rule 26(b) of the Fed. R. of Civ. Proc.

   b. Discovery Phases

   <u>Plaintiff's Position:</u> Plaintiff does not see the need to limit discovery or conduct discovery in phases.

   <u>Defendant's Position</u>: Discovery should be limited to Plaintiff's individual claims until Plaintiff can establish liability on one of her individual claims.

   c. Designate the discovery methods to be used and the limitations to be imposed.

   (1) For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.

   Oral Exam Depositions

   Plaintiff(s) ___2__

   Defendant(s) ___ 5

   Maximum number of hours per deposition _____ 7

   (2) For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.

   Interrogatories _____ 20

   Admissions _30____

   Requests for production of documents _30____

   (3) Other discovery methods:  Specify any other methods that will be used and any limitations to which all parties agree.

   d. Discovery of electronically stored information should be handled as follows: Brief description of parties' agreement.

   The Parties do not believe that discovery will involve electronically stored information

   e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: Brief description of provisions of proposed order. N/A

    f.    Last day to file written discovery   1/14/2021

    g.    Close of fact discovery   3/14/2021

    h.    (optional) Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e) NA

**3.    AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a.    The cutoff dates for filing a motion to amend pleadings are:  specify date

    Plaintiff(s) _10__/15___/20___   Defendant(s) __10_/_15__/_20__

    b.    The cutoff dates for filing a motion to join additional parties are:  specify date

    Plaintiff(s)_10__/_15__/_20__   Defendants(s) _10__/_15__/_20__

    **(NOTE:  Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a))**.

**4.    EXPERT REPORTS**:

    a.    The parties will disclose the subject matter and identity of their experts on (specify dates):   NA

    Party(ies) bearing burden of proof ___/___/___ NA

    Counter Disclosures ___/___/___NA

    b.    Reports from experts under Rule 26(a)(2) will be submitted on (specify dates):

    Party(ies) bearing burden of proof ___/___/___ NA

    Counter Reports   ___/___/___NA

**5.    OTHER DEADLINES**:

    a.    Expert Discovery cutoff:   ___/___/___ NA

    b.    Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. 4/14 /2021

    c.    Deadline for filing partial or complete motions to exclude expert testimony ___/___/___NA

**6.    ADR/SETTLEMENT**:

Use separate paragraphs/subparagraphs as necessary if the parties disagree.

    a.    The potential for resolution before trial is:  _X__ good   ___ fair   ____ poor

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

      b.      The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:   settlement conference (with magistrate judge): _X_____ arbitration: _____   mediation: _X____

      c.      The parties intend to engage in private alternative dispute resolution for: arbitration: _____ mediation: _____

d.      The parties will re-evaluate the case for settlement/ADR resolution on (specify date): 3/31/2021

**7.**      **TRIAL AND PREPARATION FOR TRIAL:**

      a.      The parties should have ___14__ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

      b.      This case should be ready for trial by: specify date __6_/_30__/___2021
Specify type of trial:   Jury _X____   Bench_____

      c.      The estimated length of the trial is:  specify days __2-3_____

__/s/Raphael Deutsch___Raphael Deutsch, Esq._____Date: _12__/2___/2020___
Signature and typed name of Plaintiff(s) Attorney

__/s/ Gregory Constantino_  Gregory Constantino_____   Date: _12__/2___/2020___
Signature and typed name of Defendant(s) Attorney

---

## NOTICE TO COUNSEL

Instructions to file the Attorney Planning Meeting Report can be found on the court's <u>Civil Scheduling</u> webpage.