IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT P. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON MARK LLC, LVNV FUNDING LLC, and JOHN DOES 1-25,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 1:20-cv-00032-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are Defendants Johnson Mark LLC and LVNV Funding LLC's Motions to Dismiss,[1] asking the court to dismiss Plaintiff Robert P. Smith's Complaint that claims Defendants violated the Fair Debt Collection Practices Act by sending him a misleading debt collection letter. For the reasons explained below, the Motions[2] are DENIED IN PART AND GRANTED IN PART.

## BACKGROUND[3]

Although not entirely clear, it appears Smith defaulted on a loan he received from Credit One Bank, N.A. (Credit One), and Credit One later sold that defaulted debt to Defendant LVNV

---

[1] Dkt. 13, Dkt. 14. Defendants filed two identical Motions to Dismiss. *See* Dkt. 13, Dkt. 14. To simplify, the court cites only to Dkt. 13 throughout this Order. Nevertheless, this Order resolves both Motions to Dismiss. Further, Defendants filed two identical reply memoranda. *See* Dkt. 20, Dkt. 21. Again, the court only cites to the first memorandum, Dkt. 20, in this Order.

[2] Dkt. 13, Dkt. 14.

[3] The court draws these facts from the factual allegations available under Federal Rule of Civil Procedure 12(b)(6), which include the well-pleaded allegations in the Complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Mbaku v. Carrington Mortg. Servs., LLC*, 735 F. App'x 533, 536 (10th Cir. 2018) (unpublished) (citation omitted). The court excludes "matters outside the pleadings" presented by Defendants and declines Defendants' invitation to treat their Motion as a motion under Rule 56 pursuant to Rule 12(d). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

1

Funding LLC (LVNV).[4] LVNV then hired Defendant Johnson Mark LLC (Mark) to collect the debt.[5]

In May 2019, Mark sent Smith a debt collection letter (the Letter) concerning the debt owed to Credit One.[6] The Letter begins by explaining that LVNV retained Mark to collect a "Total Amount Due: $589.91" for a debt originating with Credit One.[7] It continues in relevant part:

> To resolve this matter, you may either pay the Total Amount Due (unless it has already been paid) or call our law firm toll free . . . and work out arrangements for payment.
>
> . . .
>
> As of the date of this letter, the Total Amount Due is shown above. For a current Total Amount Due, mail us a request or call our law firm . . . .[8]

The Letter ends by explaining it "is an attempt to collect a debt," that "[a]ny information obtained will be used for that purpose," and the Letter is a "communication . . . from a debt collector."[9]

Smith filed his Complaint against Defendants in March 2020.[10] He claims[11] the Letter violates the Fair Debt Collection Practices Act (FDCPA) by (1) being misleading in violation of 15 U.S.C. § 1692e, and (2) overshadowing the notice language required by 15 U.S.C. § 1692g.[12]

---

[4] Dkt. 2 (Complaint) ¶¶ 24–28.

[5] *Id.* ¶ 28.

[6] *Id.* ¶ 30.

[7] Dkt. 2-1 (Letter) at 2.

[8] *Id.*

[9] *Id.*

[10] *See* Dkt. 2 (Complaint).

[11] Smith originally brought his claims individually and on behalf of a class. *See id.* ¶¶ 14–22. His class action claims, however, have been dismissed without prejudice. *See* Dkt. 35.

[12] Dkt. 2 (Complaint) ¶¶ 30–51.

Specifically, he alleges the following language in the Letter violates the FDCPA because it "implies that the current amount due can increase" when the debt is actually static: "As of the date of this letter, the Total Amount Due is shown above. For a current Total Amount due, mail us a request or call our law firm."[13] The court refers to these two sentences from the Letter as "the Disputed Language."

Defendants now move to dismiss Smith's Complaint under Federal Rule of Civil Procedure 12(b)(6).[14] In short, they argue Smith fails to state an actionable FDCPA claim because the language in the Letter is not misleading.[15]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move the court to dismiss a claim if it "fail[s] to state a claim upon which relief can be granted."[16] For a claim "[t]o survive a motion to dismiss, a complaint must plead facts sufficient to state a claim to relief that is plausible on its face."[17] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] That is, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[19] "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[20]

---

[13] *Id.* ¶¶ 34–36.

[14] *See* Dkt. 13.

[15] *See id.*

[16] Fed. R. Civ. P. 12(b)(6).

[17] *Bextel v. Bryner*, No. 19-8080, 2020 WL 7091100, at *2 (10th Cir. Dec. 4, 2020) (unpublished) (quoting *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013)) (quotation marks omitted).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[19] *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

[20] *Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted).

3

The court applies these standards by "first discard[ing] allegations in the complaint that are 'legal conclusions' or 'threadbare' recitals of the elements of a cause of action, supported by mere conclusory statements."[21] Second, the court "accepts as true the remaining, well-pleaded (that is, plausible, non-conclusory, and non-speculative) factual allegations and construe[s] them in the light most favorable to the plaintiff."[22] In all, the court "consider[s] the complaint in its entirety, . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[23]

## ANALYSIS

"To state a claim under the FDCPA, Plaintiffs must allege sufficient facts to plausibly suggest that [a defendant] is a debt collector whose efforts to collect a debt from them violated provisions of the FDCPA."[24] There is no dispute that Defendants are "debt collectors" who were attempting to collect a "debt" when they sent Smith the Letter.[25] Rather, the parties dispute whether the language in the Letter violates the FDCPA.[26]

"Most courts review FDCPA claims under an objective 'least sophisticated consumer' standard."[27] This standard asks "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday,

---

[21] *Soto for Estate of Jimenez v. Bd. of Cty. Comm'rs of Caddo Cty., Okla.*, 748 F. App'x 790, 793 (10th Cir. 2018) (unpublished) (brackets omitted) (quoting *Iqbal*, 556 U.S. at 678).

[22] *Id.* (citing *Iqbal*, 556 U.S. at 679).

[23] *Mbaku*, 735 F. App'x at 535–36 (citation omitted).

[24] *Id.* at 536 (quotation marks, brackets, ellipses, and citation omitted). *See Obduskey v. Wells Fargo*, 879 F.3d 1216, 1219 (10th Cir. 2018) ("To prevail under the FDCPA, a plaintiff must prove that the defendant is a 'debt collector' who is trying to collect a 'debt' from the plaintiff in violation of some provision of the FDCPA.").

[25] *See* Dkt. 13, Dkt. 17.

[26] *See* Dkt. 13, Dkt. 17.

[27] *Molkandow v. Maury Cobb Attorney at Law, LLC*, Civil Action No. 18-cv-0891-WJM-STV, 2019 WL 549440, at *2 (D. Colo. Feb. 12, 2019) (citations omitted).

common consumer—understands the notice he or she receives."[28] The least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."[29] Accordingly, whether a debt collector's actions violate "the FDCPA depends on whether [they] [are] likely to deceive or mislead a hypothetical least sophisticated debtor."[30]

The Tenth Circuit has not explicitly adopted the least sophisticated consumer standard, but "it has applied the test in at least two, albeit unpublished, opinions."[31] The court will apply the least sophisticated consumer standard to Smith's claims based on these two Tenth Circuit opinions and because the parties make their arguments under this standard.[32] The court now turns to Smith's claims under 15 U.S.C. §§ 1692e and 1692g.

### I. Smith Has Stated an Actionable § 1692e Claim

"Section 1692e of the FDCPA provides that '[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'"[33] This general prohibition is followed by "a non-exhaustive list of practices that fall within this ban,"[34] including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[35] Because this is a non-exclusive list, "[a] debt collection practice may violate the FDCPA even if it does not fall

---

[28] *Ferree v. Marianos*, 129 F.3d 130 (Table), 1997 WL 687693, at *1 (10th Cir. 2019) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)).

[29] *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

[30] *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (quotation marks omitted).

[31] *Molkandow*, 2019 WL 549440, at *3 (citing *Ferree*, 1997 WL 687693, at * 1; *Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 20015) (unpublished)).

[32] *See* Dkt. 13 at 7–8; Dkt. 17 at 5–6.

[33] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting 15 U.S.C. § 1692e).

[34] *Id.*

[35] 15 U.S.C. § 1692e(10).

within any of the [listed practices], . . . and a single violation of section 1692e is sufficient to establish civil liability under the FDCPA, *see* 15 U.S.C. § 1692k."[36]

Before the court addresses whether Smith has stated a § 1692e claim, it first clarifies the scope of that claim. Smith's § 1692e claim rests on two theories in his Complaint: (1) a violation of 15 U.S.C. § 1692e's general prohibition against "false, deceptive, or misleading representation[s]"; and (2) a violation of 15 U.S.C. § 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[37] He expands his claim in his response brief by arguing two additional theories: (1) a violation of 15 U.S.C. § 1692e(2)(A), which prohibits the "false representation of the character, amount, or legal status of any debt"; and (2) a violation of 15 U.S.C. § 1692g(a)(1), which requires a debt collector to send a notice to the debtor identifying "the amount of the debt."[38] These additions are impermissible because the court looks to the Complaint to determine whether Smith has stated a claim under Rule 12(b)(6). Accordingly, the court limits its analysis to whether Smith has stated an actionable § 1692e claim under the theories he identifies in the Complaint.

Under the least sophisticated consumer standard, a debt collector violates § 1692e if its communication to a debtor "is open to more than one reasonable interpretation, at least one of

---

[36] *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) (citation omitted).

[37] *See* Dkt. 2 (Complaint) ¶ 45.

[38] *See* Dkt. 17 at 10 ("That last step is what the FDCPA forbids, because it suggests to the least sophisticated consumer that the balance was increasing when in fact it was not, in violation of §§ 1692e(2)(A) and 1692e(10). Moreover, it fails to adequately give a statement of the debt clearly enough that the recipient is likely to understand it, in violation of § 1692g(a)(1).") (quotation marks and citation omitted).

which is inaccurate."[39]  A debtor cannot prevail on a § 1692e claim, however, if its inaccurate interpretation is "bizarre or idiosyncratic."[40]

In his Complaint, Smith makes three factual allegations to support his § 1692e claim. First, he alleges the "Letter states a total amount due of $589.91."[41]  Second, he alleges the Letter includes the Disputed Language.[42]  Third, he alleges "Defendants are aware that during the collection of this debt the balance will not vary at all."[43]  He argues the Disputed Language "implies that the current amount due can increase and therefore the Plaintiff should call or mail a request for a 'current Total Amount Due.'"[44]  He maintains that Defendants use the Disputed Language as "a deceptive collection tactic to get the consumer to pay immediately."[45]

Defendants argue Smith has failed to state a claim under § 1692e because his interpretation of the Disputed Language is unreasonable.[46]  They insist that the Letter, when read as a whole, "contemplates that the 'Total Amount Due' is $589.91, **unless it has already been paid**."[47]  To support their interpretation, Defendants point to the language at the beginning of the letter that states: "To resolve this matter, you may either pay the Total Amount Due (unless it has

---

[39] *Avila*, 817 F.3d at 75 (quotation marks and citation omitted); *see Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) ("A communication is deceptive for purposes of the Act if it can be reasonably read to have two or more different meanings, one of which is inaccurate.") (quotation marks and citation omitted).

[40] *Clomon*, 988 F.2d at 1320.

[41] Dkt. 2 (Complaint) ¶ 33.

[42] *Id.* ¶ 34.

[43] *Id.* ¶ 36.

[44] *Id.* ¶ 35.

[45] *Id.* ¶ 36.  While Smith's factual allegations are entitled to a presumption of truth, his legal arguments are not.  *See Hirsh v. Midland Credit Mgmt., Inc.*, Case No. 20-CV-1104-JAR-KGG, 2020 WL 3498560, at *1 (D. Kan. June 29, 2020) ("[T]he court must take all the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation.") (quotation marks, brackets, and citation omitted).

[46] *See* Dkt. 13 at 10.

[47] *Id.*

already been paid) or call . . . and work out arrangements for payment."[48] They maintain this language coupled with the Disputed Language "indicate[s] that the balance of the account could be lower if, in fact, the consumer had made a payment between the time the letter was sent and when it was being read."[49] They contend this is "the only reasonable inference" that could be made by the least sophisticated consumer.[50]

Smith disagrees, arguing his interpretation is reasonable because, rather than stating the "current Total Amount Due," the Letter "went one step further and requested the consumer to call for a 'current Total Amount Due.'"[51] According to Smith, it is the request to call for a current balance that violates § 1692e "because it suggests to the least sophisticated consumer that the balance was increasing when in fact it was not."[52]

Defendants' interpretation is reasonable. But, as explained below, so is Smith's interpretation. Accordingly, Smith has stated an actionable § 1692e claim because, according to his interpretation, the Disputed Language is inaccurate and therefore misleading.

Defendants resist this conclusion by urging the court to follow *Merrill v. Johnson Mark, LLC*.[53] But *Merrill* is not binding on this court and is not persuasive because it provides little

---

[48] *Id.* (emphasis omitted).

[49] *Id.* at 10–11.

[50] *Id.* at 11. Defendants raise other arguments in their reply memorandum that do not impact this court's decision. First, they repeatedly frame their arguments under the standard applicable to a motion for summary judgment. *See* Dkt. 20 at 1 ("Plaintiff's Response fails to raise any disputed issue of material fact."). But that standard is irrelevant because the court does not apply it to Rule 12(b)(6) motions. Second, Defendants argue that Smith's inaccurate interpretation is not "material when viewed through the least sophisticated debtor's eyes." *Id.* at 5. The court does not consider this argument because Defendants waived it by raising it "for the first time in a reply brief." *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) (citation omitted).

[51] Dkt. 17 at 10.

[52] *Id.*

[53] Dkt. 13 at 11 (citing *Merrill v. Johnson Mark, LLC*, Case No. 2:19-cv-18-DB, 2019 WL 2372652, at *2 (D. Utah June 5, 2019).

detail concerning the standard it applied to the collection letter at issue in that case.[54] Rather, this court is persuaded by the cases cited by Smith, specifically *Chuway v. National Action Financial Services, Inc.*[55] and its progeny.[56]

In *Chuway*, the Seventh Circuit concluded the following language violated the FDCPA because it was impermissibly unclear: "Please remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call . . . ."[57] The Circuit reasoned:

> [I]f the letter had stopped after the 'Please remit' sentence, the defendant would be in the clear. But the letter didn't stop there. It went on to instruct the recipient on how to obtain 'your most current balance information.' If this means that the defendant was dunning her for something more than $367.42, it's in trouble because the 'something more' is not quantified.[58]

Although the *Chuway* court did not apply the least sophisticated consumer standard to reach its conclusion,[59] district courts applying that standard have found *Chuway* supports the conclusion that a collection letter violates the FDCPA if it couples "current total balance" language with instructions to contact the debt collector for a potentially different balance.[60] For example, in *Romonoyske v. Alltran Financial, LP*, the United States District Court for the

---

[54] *See Merrill*, 2019 WL 2372652, at *2.

[55] *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944 (7th Cir. 2004).

[56] *See* Dkt. 17 at 7–11 (discussing *Chuway's* holding and how it has been applied by courts applying the least sophisticated consumer standard).

[57] *Chuway*, 362 F.3d at 947–49.

[58] *Id.* at 947.

[59] *See id.* at 949 (applying the "unsophisticated debtor" standard).

[60] *See Bella v. Bureaus Investment Group Portfolio No. 15 LLC*, 17-cv-6115 (ENV) (VMS), 2019 WL 2295840, at *3 (E.D.N.Y. May 30, 2019) ("Reading *Chuway* in context, however, it becomes clear that the Seventh Circuit did not hold that use of the phrase 'current balance' for a static debt is *per se* misleading. . . . *Chuway*, therefore, did not turn on the collection letter's use of the word 'current' but rather . . . on the idea that the letter at issue stated one balance, but if the consumer called per the letter's instruction, that balance might be different."); *McAdams v. Stoneleigh Recovery Assocs., LLC*, 16-CV-5517 (JMA) (GRB), 2018 WL 7982269, at *4 (E.D.N.Y. Sept. 27, 2018) (explaining that the collection letter in *Chuway* "strongly implied that the $ 367.42 'balance' listed would be increasing due to interest and would not be the 'current' balance in the future.").

Eastern District of New York concluded a debt collection letter that "demand[ed] payment of the 'current amount due' 'as of the date of the letter' and instruct[ed] Plaintiff to call her 'account representative to obtain 'further information about her balance" violated the FDCPA because "the least sophisticated consumer could read the Letter to mean either that she owed $ 2,094.86 or that a different amount was due."[61]

Similarly, the Disputed Language at issue here begins with "As of the date of this letter, the Total Amount Due is shown above."[62] This sentence is immediately followed by: "For a current Total Amount Due, mail us a request or call our law firm."[63] By coupling the "As of the date of this letter" language with the "For a current Total Amount Due" language, the Letter implies that the Total Amount Due may change by the time Smith contacts Mark. It is reasonable to infer that the change could be a downward adjustment if Smith paid some amount of the debt before the Letter arrived. It is also reasonable to infer that the change could be an upward adjustment due to non-disclosed interest and fees being charged on the debt. Yet, the debt was static and not being charged interest and fees. Accordingly, Smith has stated a § 1692e claim because the least sophisticated consumer could interpret the Disputed Language as Smith posits and that interpretation is inaccurate, misleading, and a false representation made to assist in the collection of a debt.

## II. Smith Has Not Stated an Actionable § 1692g Claim

Section 1692g requires a debt collector to provide the debtor with information, including "the amount of the debt"; "the name of the creditor to whom the debt is owed"; a statement explaining that the "debt will be assumed to be valid" if the debtor does not dispute its validity

---

[61] Case No. 18-cv-7138 (SFJ) (SIL), 2019 WL 1748605, at *1 (E.D.N.Y. April 17, 2019) (brackets omitted).
[62] Dkt. 2-1 (Letter) at 2.
[63] *Id.*

10

"within thirty days of receipt of the notice"; and statements explaining that if the debt is disputed, the debt collector will provide the debtor with "verification of the debt" and "the name and address of the original creditor."[64] Unlike "the more general disclosures that may be necessary under Section 1692e to ensure that a collection notice is not misleading," § 1692g "concerns only the disclosures related to a consumer's need to verify a debt."[65]

Like it did with the § 1692e claim, the court begins by defining the scope of Smith's § 1692g claim. In his Complaint, Smith's § 1692g claim rests on the theory that the Disputed Language "overshadows the 'g-notice' language and coerces the consumer not to exert its rights under the FDCPA."[66] In his response brief, Smith raises the additional theory that Defendants violated § 1692g by not accurately stating "the amount of the debt" as required by 15 U.S.C. § 1692g(a)(1).[67] The court will not consider this additional theory because Smith did not adequately plead it. Smith's § 1692g claim is therefore limited to whether the Disputed Language overshadows the notice provisions of § 1692g.

"[A] debt collector violates § 1692g(a), even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor."[68] A communication or action "overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights."[69] In other words, "[c]ollections activities 'overshadow' the notice when the activities are likely to

---

[64] *See* 15 U.S.C. § 1692g(a)(1–5).

[65] *Avila*, 817 F.3d at 76.

[66] Dkt. 2 (Complaint) ¶ 50.

[67] *See* Dkt. 17 at 10.

[68] *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citation omitted).

[69] *Id.* (quotation marks and citation omitted).

confuse the 'least sophisticated consumer' regarding the rights to request the additional information or to dispute the validity of the debt."[70]

Defendants argue Smith has failed to state an actionable § 1692g claim because the Disputed Language is not misleading.[71] Smith disagrees, arguing he has stated a claim because the misleading Disputed Language would cause the least sophisticated consumer to overlook his rights and pay the debt to avoid additional fees and interest.[72] Neither party is correct.

As explained above, the Disputed Language is misleading. The effect of the Disputed Language is the possibility for the least sophisticated consumer to interpret it as meaning: (1) the Total Amount Due is subject to change, and (2) that change will likely be upwards due to non-disclosed fees and interest being added to the debt. A misunderstanding about the nature of the debt is not the same, however, as being confused about the debtor's validation rights under § 1692g. Rather, as case law makes clear, a viable "overshadowing" claim must involve actions by a debt collector that would confuse the least sophisticated consumer into *misunderstanding his right to validate the debt*.[73] Accordingly, Smith's argument misses the mark because the confusion caused by the Disputed Language is unrelated to his validation rights under § 1692g.

---

[70] *Philhower v. Express Recovery Servs. Inc.*, No. 2:12-cv-01193 DN, 2014 WL 1648724, at *1 (D. Utah April 23, 2014) (citations omitted).

[71] *See* Dkt. 13 at 11–12.

[72] *See* Dkt. 17 at 15–18.

[73] *See Lusky v. Seb Legal, LLC*, Case No. 1:15-cv-55-BCW, 2015 WL 7854255, at *4 (D. Utah Dec. 3, 2015) ("Basically, the language gives the impression that Plaintiff had 30 days to act or face consequences. Thus, the writ of garnishment seems to be inconsistent and overshadow the collection letter."); *Philhower*, 2014 WL 1648724, at *1 ("With respect to the overshadowing claim against [the defendant], the court held that the suit against [the plaintiff] could overshadow the required notice only if [the plaintiff] was aware of the suit during the thirty-day period."); *Glackin v. LTD Fin. Servs., L.P.*, No. 4:13-CV-00717 (CEJ), 2013 WL 3984520, at *3 (E.D. Mo. Aug. 1, 2013) ("From the standpoint of an unsophisticated consumer, defendant's instruction to make a payment or arrange a payment plan on or before March 29, 2013 is confusing when compared to the 30-day dispute period, which would have run until April 10, 2013."); *Tsenes v. Trans-Continental Credit and Collection Corp.*, 892 F. Supp. 461, 465 (E.D.N.Y. 1995) ("Although the initial letters, standing alone, complied with the mandate of § 1692g—notifying the plaintiff that he had thirty days within which to contest the underlying debt—the follow-up letter rendered the statutory notice problematic. The follow-up letter, allegedly received by the plaintiff between one and two weeks after receipt of the initial letter, threatened action within ten days . . . .").

Indeed, it seems the least sophisticated consumer would be more likely to exercise his validation rights if he believed the debt was increasing.

## CONCLUSION

For the reasons explained above, Defendants' Motions to Dismiss[74] are GRANTED IN PART AND DENIED IN PART. The Motions are GRANTED as to Smith's § 1692g claim, and that claim is DISMISSED WITHOUT PREJUDICE. The Motions are DENIED as to Smith's § 1692e claim.

SO ORDERED this 7th day of January 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[74] Dkt. 13, Dkt. 14.